O’NIELL, Chief Justice.
 

 The Caddo Parish School Board sued to abate a nuisance, by enjoining one E. M.
 
 *243
 
 Pyle from operating a planing mill in close proximity to a school house, called Jewella Elementary School. The defendant pleaded that the petition did not disclose a cause or right of action because the school board failed to allege that the Jewella Elementary School was owned or conducted by the Parish School Board. The judge ruled that the exception was well founded but at the same time he allowed the school board to amend its petition by making the allegation that the Jewella Elementary School was being conducted by the Parish School Board. Whereupon counsel for the school board made the correction by dictating the necessary allegation to the court reporter. The judge ruled that that was a sufficient amendment of the petition; that it was not necessary that the amendment should be made in writing. The case was then heard on its merits and resulted in a judgment for the school board, enjoining the defendant from operating the planing mill in a way which interfered with the conducting of the school. The defendant appealed to the court of appeal and that court held that the amendment of the school board’s petition should have been made in writing; hence the court remanded the case to the district court for a new trial and for such other proceedings as would be in keeping with the views expressed in the opinion rendered by the court of appeal. The school board sought and obtained a writ of certiorari to review the judgment of the court of appeal. After the writ was granted the planning mill was destroyed by fire, and the defendant filed a motion in this court alleging that the mill had been destroyed and that he had no intention of reconstructing it. Hence he prayed that the suit should be ordered dismissed for having become a moot case.
 

 In answer to the defendant’s motion to dismiss, the school board admitted the fact that the planing mill had been destroyed by fire and that the suit had become a moot case. The school board therefore prayed that its application for a review of the judgment of the court of appeal should be dismissed.
 

 If we should merely dismiss the school board’s application for a review of the judgment of the court of appeal, without ordering the suit itself dismissed as a moot case, the judgment of the court of appeal remanding the case to the district court for a new trial would remain in force; the effect of which would be to order a new trial of a case which has become a moot case. Ou'r conclusion therefore is that, on the facts admitted by both parties to the litigation, the suit itself should be ordered dismissed for having become a moot case.
 

 By Act No. 135 of 1936 the Parish School Board, being a public board, is exempt from the payment of court costs.
 

 This case is ordered remanded to the district court for the purpose merely of being dismissed by that court, as a moot case, at the cost of the defendant E. M. Pyle.