**99 So.2d 5**

**S. & R. GAS COMPANY et al.**

v.

**Albert L. STEPHENS et al.**

**No. 43306.**

Jan. 6, 1958.

Rehearing Denied Feb. 10, 1958.

Monroe & Lemann, New Orleans, Bethard & Bethard, Coushatta, for plaintiffs and movers.

McKeithen, Mouser & McKinley, Columbia, for defendants, applicants for writ of review.

FOURNET, Chief Justice.

We granted certiorari in this case to review the judgment of the Court of Appeal, Second Circuit, wherein the district court's judgment dismissing plaintiffs' suit[1] was annulled and set aside, and the defendants Albert L. Stephens and his son, John S. Stephens, were permanently enjoined "from selling or offering for sale at retail, as individuals or under the trade name of Eagle Gas Company, or otherwise, any and all liquefied petroleum gas products, particularly those products commonly known as butane and propane, in the landed area and territory which was served by the S. & R. Gas Company, Inc. and the Campti Butane, Inc., on November 12, 1954" —the Court of Appeal having found that the defendant Albert L. Stephens, who by contract dated November 12, 1954, had sold to his former partner and business associate,. Frank J. Roberson, all of his stock in the two above-named corporations (established by them during the partnership),

and had agreed in that contract not to engage in the liquefied petroleum business in the same northwest Louisiana area for a period of five years,[2] had violated that restrictive covenant by having his son, John, establish (in February, 1955) a liquefied petroleum gas business known as the Eagle Gas Company, serving the same territory and underselling plaintiff corporations; the said John S. Stephens being a party interposed or the father's alter ego, acting in concert with his father for the accomplishment of a common purpose, i.e., causing financial damage to plaintiffs in a spirit of revenge against Roberson, induced by .a conviction on the part of Albert L. Stephens that he had been unfairly treated in the dissolution of their joint business interests. The Court of Appeal further decreed that the right of the plaintiffs to sue defendants for damages suffered during the period in which the defendants had been in violation of the terms of the contract was specifically reserved. See 90 So. 2d 487.

After the record had been lodged in this Court (January 29, 1957) the plaintiffs, invoking a provision of the Code of Prac-

1. The plaintiffs are F. J. Roberson, a resident of Red River Parish, S. & R. Gas Company, Inc. and Campti Butane, Inc., Louisiana corporations domiciled in Jefferson Parish.

2. By the specific terms of the agreement, Albert L. Stephens obligated himself to S. & R. Gas Co., the Campti Butane, Inc., "and to F. J. Roberson, not to independently, that is in his own name, or through a corporation in which he owns stock, or a partnership in which he has an interest, engage in the liquefied petroleum business for a period of five years from the date hereof in the area served by the S. & R. Gas Company, Inc., and the Campti Butane, Inc."

tice,[3] filed a motion seeking to have a review of the case here dismissed, by recall of the writ, contending that the defendants had complied voluntarily with the decree clause of the judgment of the Court of Appeal, in that on February 20, 1957, as shown by certified copies of pertinent documents attached to the motion, John S. Stephens had sold the physical properties used by him under the trade name of "Eagle Gas Co." to a corporation in which neither of the two defendants had an interest, and therefore the question presented by this case is now moot and/or abstract.

In answer to this motion the defendants denied that the sale by John Stephens constituted or was intended as an acquiescence in the decree of the Court of Appeal by either defendant, asserting that it represented no action whatever on the part of the father, and that it could not be construed as acquiescence on the part of the son because the judgment neither ordered him to sell the property nor enjoined his continued ownership thereof; and, moreover, that surely neither defendant could be presumed to have intended to abandon the right of appeal from a judgment which practically foreclosed against them the issue of a breach of contract in a potential suit for damages. It is therefore urged that we review the record for the purpose of correcting alleged errors in the opinion of the Court of Appeal; but in the alternative, admitting that the issue is moot and abstract "because, and only because, plaintiffs no longer have need of an injunction to protect any rights which they claim," defendants urge that to merely recall the writ of review would leave in effect the ban of an injunction against John S. Stephens "not to compete" for a period of some three remaining years, despite his consistent and vigorous contention that the Eagle Gas Company was his own separate business conducted by him for his own benefit; and that this Court should either dismiss plaintiffs' suit or remand the case to the District Court with instructions that it be there dismissed.

While there is obviously no merit in plaintiffs' contention that the defendants have acquiesced in the decree of the Court of Appeal,[4] nevertheless it is clear that a review of the case on the merits at this time would serve no useful purpose since the matter has admittedly become moot. Our conclusion therefore is that, on the showing made by the parties to this litigation, the suit itself should be ordered dismissed for having become a moot case.

3. "The party against whom judgment has been rendered can not appeal: 1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily. * * * " Art. 567, Louisiana Code of Practice.

4. The jurisprudence relied on by plaintiffs, a group of cases wherein the provisions of Article 567 of the Code of Practice were given effect and the appeal dismissed, presented factual situations where the act sought to be pro-

Cf. Caddo Parish School Board v. Pyle, 212 La. 481, 32 So.2d 897.

For the reasons assigned, the judgment of the Court of Appeal is annulled and set aside and the case is ordered dismissed. Availing ourselves of the provisions of R. S. 13:4444, the costs are to be divided equally among the parties plaintiff and defendant.

McCALEB, J., concurs in the decree.

hibited had been done, or where a thing commanded to be done or given, had been done or given, and are clearly inapposite. The point made by plaintiffs' counsel in brief that while the Court of Appeal directed the issuance of the prayed-for injunction, the injunction itself was never issued, proceedings having been stayed by the granting of the writ by this Court—and therefore the act of the defendant John S. Stephens in selling the Eagle Gas Company was purely voluntary and not done under the compulsion of an existing injunction or other writ issued by any court, thus excluding the case from the courts' interpretation that acquiescence to avoid a penalty is not considered voluntary execution of the judgment—does not help their cause.